ABELSON | HERRON LLP
   Marc D. Halpern (State Bar No. 216426)
   Vincent H. Herron (State Bar No. 172290)
   Anthony J. Matera (State Bar No. 216480)
600 West Broadway, Suite 1060
San Diego, California 92101
Telephone: (619) 618-7000
Facsimile: (619) 618-7001
mhalpern@abelsonherron.com
vherron@abelsonherron.com
amatera@abelsonherron.com

Attorneys for Plaintiff
MILLENNIUM LABORATORIES, INC.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLENNIUM LABORATORIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALLIED WORLD ASSURANCE COMPANY (U.S.) INC., <br><br> Defendant. | CASE NO. '12CV2280 H  KSC <br><br> **COMPLAINT FOR DECLARATORY RELIEF; BREACH OF CONTRACT; AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING** <br><br> **Jury Trial Demanded** |

Plaintiff Millennium Laboratories, Inc. for its Complaint against Defendant Allied World Assurance Company (U.S.) Inc. alleges as follows:

**SUMMARY**

1.   This lawsuit is an insurance coverage and bad faith action, arising out of the refusal of Defendant Allied World Assurance Company (U.S.) Inc. ("AWAC") to acknowledge and provide the full defense coverage owed to Plaintiff Millennium Laboratories, Inc. ("Millennium") under an insurance policy issued to Millennium.

2.   The coverage sought by Millennium in this action is for defense against a subpoena served on Millennium by the United States Department of Justice, in connection with the federal

COMPLAINT

government's investigation of alleged offenses of health care laws, although it is unknown at this time whether the investigation is specific to Millennium or includes others in the industry.

3. In response to Millennium's request for defense coverage for the subpoena, AWAC agreed to coverage under an alleged reservation of rights, subject to a limit of $100,000; but the AWAC primary policy at issue provides for at least $5,000,000 of defense coverage for these claims. Despite repeated requests by Millennium for AWAC to change its position, AWAC has refused.

4. Accordingly, Millennium brings this action to secure a declaration of its rights with respect to the $5,000,000 of defense coverage for the subpoena under the AWAC primary policy, and to recover the sums it has incurred – and will continue to incur – in defense costs for the subpoena. Millennium also seeks to recover further and additional damages on account of AWAC's bad faith treatment of this coverage claim.

## THE PARTIES

5. Plaintiff Millennium Laboratories, Inc. is organized and existing under the laws of California, with principal offices located at 16981 Via Tazon, San Diego, California.

6. Plaintiff is informed and believes and based thereon alleges that Defendant Allied World Assurance Company (U.S.) Inc. is, and at all times relevant hereto was, incorporated under the laws of Delaware and is headquartered in Boston, Massachusetts. Plaintiff also is informed and believes and based thereon alleges that AWAC is a commercial insurance and reinsurance company that does business throughout the United States, including in California.

7. Plaintiff is informed and believes and based thereupon alleges that at all pertinent times AWAC was doing business within San Diego County, California and was issuing policies covering activities within San Diego, California.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the total amount in controversy exceeds $75,000, exclusive of costs.

9. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a).

## GENERAL ALLEGATIONS

10. Millennium brings this complaint to resolve a defense coverage dispute with AWAC pertaining to a subpoena served by the United States Department of Justice on Millennium.

11. Specifically, Millennium brings this complaint to: (1) determine Millennium's and AWAC's respective rights and duties with respect to defense coverage for the subpoena; (2) recover damages for AWAC's breach of its contractual defense coverage obligations to Millennium for the subpoena; and (3) recover damages associated with AWAC's unreasonable treatment of Millennium's request for defense coverage.

## THE HIPAA SUBPOENA AND GOVERNMENT INVESTIGATION

12. Millennium is a specialty diagnostics laboratory which provides services to the chronic pain market. Its mission is to provide medication monitoring of chronic pain patients to clinicians who are evaluating their patients in an effort to identify prescription misuse, the consumption of dangerous combinations of drugs, doctor shopping, and the diversion of prescribed medication to non-patients. Millennium's clinical laboratory testing, technology, customer support, physician advocacy and educational resources are specifically focused on clinicians who treat pain. Millennium is the only reference laboratory certified as an approved teaching facility for chemists and toxicologists and is a unique research component of the University of California, San Diego's (UCSD) doctoral program in Pharmacy.

13. On or about March 27, 2012, Millennium was first served by the United States Department of Justice with a subpoena seeking the production of over twenty broad categories of company documents and materials (the "HIPAA Subpoena"). An accompanying letter from the Department of Justice indicated that it was a "HIPAA Subpoena" and that "This information is being sought by the Department of Justice in its capacity as a health oversight agency, and this information is necessary to further health oversight activities." The HIPAA Subpoena also indicated that it related to the investigation by the United States Department of Justice of various potential federal health care offenses.

14. Millennium retained defense counsel, and has been incurring (and will continue to incur) very significant attorneys' fees and expenses in conjunction with its defense against the HIPAA

Subpoena (and associated government investigation), although the scope of the investigation remains unknown, including whether the investigation is specific to Millennium or includes others in the industry.

## AWAC'S INSURANCE POLICY

15. As part of its overall business strategy and focus on good governance, Millennium developed and maintained a comprehensive risk management program to protect itself against unanticipated exposures and losses.  A key component of Millennium's risk strategy was insurance.  Millennium has paid significant amounts in premiums to secure coverage for the liabilities it may face as a company doing business in the healthcare industry.

16. AWAC issued to Millennium a "Forcefield Healthcare Organizations Directors And Officers Liability Policy" with policy number 0307-1511 for the time period of at least December 1, 2011, to December 1, 2012 (the "Policy").  A true and correct copy of the Policy is attached hereto as Exhibit A and is fully incorporated by reference herein.

17. Under the Policy, AWAC is obligated to provide coverage, *inter alia*, for all defense costs incurred by Millennium with respect to any claim whose allegations, regardless of their merit, present any potential for coverage.

18. The term "Claim" is separately defined in the Policy to include, *inter alia*, "formal civil or criminal investigation of an Insured Person, which is commenced by the filing or issuance of a . . . subpoena . . ." and "formal administrative or regulatory investigation of an Insured, which is commenced by the filing or issuance of a . . . subpoena . . ."

19. Insuring Agreement C of the Policy pertains to "Company Claims Coverage" and obligates AWAC to pay, "subject to the Limit of Liability set forth in Item 3.A. of the Declarations, the Loss arising from a Claim, first made during the Policy Period (or Discovery Period, if applicable) against the Company for a Wrongful Act."  Item 3.A. of the policy's Declarations provides for a $5,000,000 limit.

20. The Policy also provides a separate Insuring Agreement F, governing "HIPAA Claims Coverage," which obligates AWAC to pay "Defense Expenses, subject to the Limit of Liability set forth in Item 3.A. of the Declarations."

21. The term Defense Costs is defined by the Policy to mean, *inter alia*, "reasonable and necessary fees, costs, charges or expenses incurred by or on behalf of an Insured in the investigation, defense or appeal of a Claim." The term "Loss" is defined to include, among other things, "Defense Costs." The term "Wrongful Act" is defined to mean, among other things, "any actual or alleged act, error, omission, neglect, breach of duty, misstatement or misleading statement by the Company," or "any actual or alleged act, error or omission in connection with the performance of or failure to perform Provider Selection Practices."

22. Millennium has complied with all conditions and covenants to be performed by it under the Policy.

23. Millennium is informed and believes, and thereon alleges, that the limits of liability of the Policy have never been exhausted and, in all events, were not exhausted at the time that Millennium requested a defense for the HIPAA Subpoena.

24. At all relevant times, the required premiums were paid with respect to the Policy and the Policy was in full force and effect.

25. The HIPAA Subpoena qualified as a Claim first made during the period of the Policy and raised the potential for coverage under at least Insuring Agreements C and F, thereby affording Millennium at least $5,000,000 in defense costs coverage under the Policy with respect to the HIPAA Subpoena and the associated government investigation.

## **THE COVERAGE CLAIM AND AWAC'S REFUSAL TO PROPERLY ACKNOWLEDGE AND PROVIDE COVERAGE**

26. Millennium, through its insurance broker, Barney & Barney LLC, timely tendered the HIPAA Subpoena to AWAC for defense coverage under the Policy.

27. AWAC responded by letter on or about May 8, 2012, agreeing to provide defense coverage, under an alleged reservation of rights. However, AWAC also took the position that the Policy only provided for a $100,000 limit of liability for Millennium's defense costs.

28. On or about July 2, 2012, Millennium counsel responded to AWAC, challenged AWAC's position regarding the applicable limit, and requested that AWAC immediately review

and correct its coverage determination to acknowledge AWAC's obligation to cover $5,000,000 of Millennium's defense costs.

29. Millennium counsel followed-up with AWAC or its counsel several times thereafter.

30. By letter dated September 14, 2012, AWAC, through its outside counsel, responded to Millennium's request for reconsideration by reiterating its incorrect position that a $100,000 limit applied.

31. AWAC based its coverage determinations on improper assumption and an improperly narrow interpretation of the claim against Millennium, which would favor AWAC by requiring less coverage, but making AWAC's position on the policy limits and handling of the defense coverage claim unreasonable.

32. Likewise, on information and belief, AWAC did not conduct a good faith investigation of Millennium's defense coverage as evidenced by, *inter alia*, (1) AWAC's refusal to reverse its position as to the applicable limit despite being presented with clear evidence requiring it to do so, (2) the superficiality of the investigation which had the obvious goal of minimizing coverage rather than looking for coverage for Millennium, (3) the failure to apply the potential for coverage standard,(4) the delayed response to Millennium's request for reconsideration, and (5) use of outside coverage counsel instead of claims-handlers with respect to the investigation of coverage.

## FIRST CAUSE OF ACTION

### (Declaratory Relief: Duty to Defend)

33. Millennium incorporates and realleges Paragraphs 1 through 32, above, as though set forth herein.

34. There presently exists an actual and continuing controversy between Millennium and AWAC, regarding AWAC's defense coverage obligations under the Policy resulting from the HIPAA Subpoena.

35. Millennium contends, among other things, that the Policy obligates AWAC to provide full defense coverage subject to no less than a $5,000,000 limit for Millennium's defense against the HIPAA Subpoena and associated government investigation.

36. AWAC disputes that contention, instead taking the position that defense coverage is limited to $100,000.

37. Millennium desires a judicial determination and declaration that its contentions set forth in Paragraph 35 are correct.

38. A judicial declaration is necessary and appropriate under the circumstances in order that the parties may ascertain their respective rights and duties under the Policy.

## SECOND CAUSE OF ACTION

**(Breach of Contract: Defense Coverage)**

39. Millennium incorporates and realleges the allegations of Paragraphs 1 through 38 above, as though fully set forth herein.

40. Millennium has incurred and will continue to incur defense costs with respect to the HIPAA Subpoena exceeding the $100,000 limit set by AWAC.

41. AWAC has refused to cover Millennium's defense costs exceeding the purported $100,000 limit.

42. By limiting defense coverage under the Policy to $100,000, and by refusing or failing to pay Millennium's defense costs incurred beyond that limit, AWAC has breached its contractual obligations to Millennium under the Policy.

43. As a direct and proximate result of AWAC's breach, Millennium has sustained substantial losses, including reasonable attorneys' fees and other costs that Millennium has incurred and will continue to incur for the defense of the HIPAA Subpoena (and associated government investigation).

## THIRD CAUSE OF ACTION

**(Breach of Covenant of Good Faith and Fair Dealing)**

44. Millennium incorporates and realleges the allegations of Paragraphs 1 through 43 above, as though fully set forth herein.

45. AWAC's refusal to acknowledge and provide full defense coverage for the HIPAA Subpoena to Millennium under the terms of the Policy has been inherently unreasonable and has reflected AWAC's failure to give at least equal regard to the interests of Millennium as it gave

its own interests in reducing or limiting coverage.  By its actions and inactions, AWAC breached the covenant of good faith and fair dealing implied in the Policy by, among other things:

      a.      Taking unreasonable positions and making self-serving assumptions as to the potential scope of the claims, as it relates to the amount of defense coverage available to Millennium;

      b.      Refusing to reverse its position regarding the amount of available coverage, notwithstanding the evidence against it;

      c.      Failing to conduct an appropriate, complete or timely investigation.

46. As a proximate result of AWAC's misconduct, Millennium has been damaged as heretofore alleged, and has incurred substantial additional costs, including but not limited to its attorneys' fees, expenses and costs incurred in seeking to mitigate and remedy AWAC's breach of its coverage obligations.  The full amount of such damages will be proven at the trial of this matter.

47. As alleged herein, AWAC's conduct with respect to Millennium was in willful disregard of Millennium's rights.  Consequently, Millennium is entitled to recover punitive damages both to punish AWAC for its transgressions and to deter others from engaging in similar wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Millennium prays for judgment against AWAC as follows:

**On the First Cause of Action**:

1. Ordering and declaring that, pursuant to the Policy, AWAC is obligated to provide coverage to Millennium for at least $5,000,000 of Millennium's incurred and future defense costs for the HIPAA Subpoena (and the associated government investigation);

2. For costs of this suit;

3. For such other and further relief as the Court deems just and proper;

**On the Second Cause of Action**:

1. Ordering and declaring that, AWAC has breached its obligations under the Policy to pay for Millennium's full defense costs in connection with the HIPAA Subpoena;

2. For a damages award of all of Millennium's unreimbursed defense costs excess of the applicable retention in the Policy, and interest thereon;

3. For costs of this suit;

4. For such other and further relief as the Court deems just and proper;

**On the Third Cause of Action**:

1. Ordering and declaring that AWAC's position with respect to Millennium's defense coverage for the HIPAA Subpoena, and treatment of Millennium's coverage claim, were unreasonable;

2. For all compensation, exemplary, consequential and/or extra-contractual damages available as relief for AWAC's unreasonable conduct;

3. For such other and further relief as the Court deems just and proper.

Dated:  September 18, 2012　　　　　　　　ABELSON | HERRON LLP
　　　　　　　　　　　　　　　　　　　　Marc D. Halpern
　　　　　　　　　　　　　　　　　　　　Vincent H. Herron
　　　　　　　　　　　　　　　　　　　　Anthony J. Matera

　　　　　　　　　　　　　　　　　　　　By s/ Vincent H. Herron_____
　　　　　　　　　　　　　　　　　　　　　Vincent H. Herron
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　MILLENNIUM LABORATORIES, INC.