# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| MILLENNIUM LABORATORIES, INC., Plaintiff, vs. ALLIED WORLD ASSURANCE COMPANY (U.S.), INC., Defendant. | CASE NO. 12-CV-2280 H (KSC)<br><br>**ORDER:**<br><br>**(1) DENYING WITHOUT PREJUDICE EX PARTE MOTION TO CLOSE HEARING AND TEMPORARILY SEAL RECORD; AND**<br><br>[Doc. No. 70]<br><br>**(2) CONTINUING HEARING** |
|---|---|

On May 1, 2013, Plaintiff Millennium Laboratories, Inc. ("Millennium Labs") filed a motion for summary judgment. (Doc. No. 45.) A hearing on the motion is currently scheduled for Wednesday, July 17, 2013 at 9:00 a.m.

On July 15, 2013, Millennium Labs filed an ex parte motion to close the entire July 17, 2013 hearing and temporarily seal the entire record of the hearing. (Doc. No. 70.) Millennium Labs argues that this relief is necessary because during the hearing the parties will have to discuss the pending grand jury investigation. (Id.)

The Supreme Court has long recognized a qualified right of access for the press and public under the First Amendment to observe government activities. Leigh v.

1    Salazar, 677 F.3d 892, 898 (9th Cir. 2012).  This rights applies to both criminal and
2    civil actions.  See id. at 899.  "Courts have a duty to conduct a thorough and searching
3    review of any attempt to restrict public access."  Id. at 900.  Further, although there is
4    no First Amendment right of access to grand jury proceedings, it is not always
5    necessary to close a hearing simply because it is related or ancillary to a grand jury
6    proceeding.  See In re Motions of Dow Jones & Co., 142 F.3d 496, 502 (D.C. Cir.
7    1998) ("In all events, if the court can allow some public access without risking
8    disclosure of grand jury matters–either because of the subject of the proceedings
9    removes the danger or because the proceedings may be structured to prevent the risk
10   without disruption or delay, [the Federal Rules] contemplate[] that this shall be done.").

11         Although the grand jury investigation may discussed at times during the hearing,
12   Millennium Labs has failed to show that good cause for closing the entire hearing and
13   temporarily sealing the entire record of the hearing.[1]  Therefore, the Court declines to
14   close the hearing absent a further showing of good cause.  In addition, there is a
15   procedure for requesting redactions to the transcript of the hearing, if appropriate, after
16   the hearing has occurred.[2]  Accordingly, the Court denies without prejudice Millennium
17   Labs' motion to close the hearing and temporarily seal the record.  If the parties wish,
18   they can further address Millennium Labs' motion to close the hearing and temporarily
19   seal at the beginning of the hearing on Millennium Labs' motion for summary
20   judgment.
21   ///
22   ///
23   ///
24   ///

---

[1] The Court notes that even though the briefing on the motion for summary judgment was filed under seal, the parties were able to file redacted versions of their brief because many of the arguments and issues related to the motion do not involve confidential information.  (Doc. Nos. 45-1, 57, 61.)

[2] See the Court's website under Attorney Assistance/Transcripts.

1  In addition, the Court continues the hearing on Millennium Labs' motion for
2  summary judgment from Wednesday, July 17, 2013 at 9:00 a.m. to **Wednesday July**
3  **17, 2013** at **9:30 a.m.**
4  **IT IS SO ORDERED.**
5  DATED: July 16, 2013

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT