# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLENNIUM LABORATORIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ALLIED WORLD ASSURANCE COMPANY (U.S.), INC., <br><br> Defendant. | CASE NO. 12-CV-2280 H (KSC) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO SEAL THE COURT'S ORDER** <br><br> [Doc. No. 74] |

On July 22, 2013, the Court denied Plaintiff Millennium Laboratories, Inc.'s motion for summary judgment without prejudice. (Doc. No. 73.) On July 24, 2013, Plaintiff filed a motion to file the Court's July 22, 2013 order under seal. (Doc. No. 74.) Specifically, Plaintiff requests that the Court redact footnotes 1 and 2 from the public version of the order. (Id.) The Court has reviewed the two footnotes at issue and concludes that good cause does not exist to seal the two footnotes.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cnty of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns., Inc., 435 U.S. 589, 597 & n.7 (1978)). Except for documents that are traditionally kept secret, there is "a strong presumption in favor of access to court

records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003); see also Kamakana, 447 F.3d at 1178-79. "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings, . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." Kamakana, 447 F.3d at 1178-79 (citations and quotation marks omitted). The presumed right to access to court proceedings and documents can be overcome "only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" Oregonian Publ'g Co. v. United States Dist. Ct., 920 F.2d 1462, 1465 (9th Cir.1990) (quoting Press-Enterprise Co. v. Sup. Ct., 446 U.S. 501, 510 (1985)).

Although there is no right of public access to information about a grand jury investigation during the pre-indictment stage of the investigation, United States v. Bus. of the Custer Battlefield Museum, 658 F.3d 1188, 1192 (9th Cir. 2011), it is public knowledge that Plaintiff is being investigated by a federal grand jury for allegations of health care fraud. (See Doc. No. 1 ¶¶ 2, 13-14; Doc. No. 57-2, Declaration of Robert Wiygul Ex. 2.) Footnotes 1 and 2 do not reveal any additional material information about the grand jury investigation. Accordingly, the Court denies Plaintiff's motion to seal the Court's order. See, e.g., E.I. du Pont de Nemours & Co. v. Kolon Indus., 2012 U.S. Dist. LEXIS 5608, at *15-16 (E.D. Va. Apr. 20, 2012) (denying motion to seal where it was public knowledge that there was a grand jury investigation against the defendant).

**IT IS SO ORDERED.**

DATED: July 29, 2013

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT