FILED

14 JAN 15 PM 12:03

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA



BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLENNIUM LABORATORIES, INC., | CASE NO. 12cv2280-H(KSC) |
| Plaintiff, | |
| vs. | **ORDER DETERMINING DISCOVERY DISPUTE** |
| ALLIED WORLD ASSURANCE COMPANY (U.S.), INC., | [Doc. No. 125 (sealed)] |
| Defendant. | |

Currently pending before the Court is the parties' Joint Motion Regarding AWAC's Request for Leave to Take More Than Ten Depositions. [Doc. No. 125 (sealed)] The Joint Motion constitutes the eighth discovery-related dispute brought to the Court by the parties in this action. The eight disputes, including exhibits, have totaled in excess of 1,400 pages of motion practice. [Doc. Nos. 33, 35, 83, 87, 102, 107, 108, 114, 120, 125] For purposes of judicial economy and to streamline the discovery process, the Court **ORDERS** as follows:

1. As to proposed depositions of: (1) Kelly Nelson; (2) Edward Zicar; (3) Lori Martin; (4) Barney & Barney; (5) Skadden Arps; (6) Ryan Uehling; (7) Martin Price; (8) Charles Root; (9) Joel Bramer, and, (10) Ameritox, AWAC's request to conduct depositions in excess of ten is **GRANTED**. Based upon the arguments contained in the moving papers, the representations made in the Declarations attached

thereto, and the case law cited, good cause exists for AWAC to depose the individuals listed above, to the extent that these depositions can be concluded by the close of discovery, January 31, 2014.

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." FED.R.CIV.P.26(b)(1). Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. *Id.* There is no requirement that the information sought relate directly to a particular issue in the case. Rather, relevance encompasses any matter "that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be [presented] in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative, duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED.R.CIV.P.26(b)(2)(C).

Federal Rule of Civil Procedure 30(a)(2) requires leave of court when "parties have not stipulated to [a] deposition," and "the deposition would result in more than 10 depositions" taken by a party. In considering requests to take in excess of 10 depositions, a "court must grant leave to the extent consistent with Rule 26(a)(2)," as outlined above. Specifically, Rule 26(b)(2) provides that a court must limit discovery where, *e.g.*, "the discovery sought is unreasonably cumulative or duplicative," "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," or "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action,

and the importance of the discovery in resolving the issues." FED.R.CIV.P.26(b)(2)(C).

As of the date of filing the Joint Motion [Doc. No. 125 (sealed), p. 7], December 20, 2013, AWAC has noticed and taken 5 depositions. This Court has no knowledge regarding whether AWAC has taken 5 additional depositions as of the date of this Order, as permitted under Rule 30 of the Federal Rules of Civil Procedure. As the fact discovery cut-off date of January 31, 2014 has not yet passed [Doc. No. 129 (Second Amended Scheduling Order)], AWAC may conduct 5 of the depositions listed above prior to January 31, 2014 without leave of court. *See* FED.R.CIV.P.30(a)(2)(A). However, given that AWAC's total requested depositions would exceed the presumptive limit of 10, the Court will address below whether good cause exists for AWAC to notice and take in excess of ten depositions in this case.

This Court is satisfied that the putative deponents listed above, namely (1) Nelson, (2) Zicar, (3) Martin, (4) Barney & Barney, (5) Skadden Arps, (6) Uehling, (7) Price, (8) Root, (9) Bramer, and (10) Ameritox all contain sufficiently unique and relevant information to warrant the taking of additional depositions. This finding is premised on the complexity of this lawsuit, and the Rule 26 factors outlined above. Accordingly, the burden and expense of taking additional depositions is justified. As stated in this Court's December 23, 2013 Second Amended Scheduling Order, however, no further extensions to the pretrial dates will be granted absent *new and good cause*. [Doc. No. 129, pp. 7-8] Accordingly, these depositions must be noticed and taken prior to the January 31, 2014 fact discovery cut-off. Given the age of this case, the multiple continuances granted to date, and AWAC's questionable diligence in scheduling and conducting the depositions to date, this deadline will not be moved again without such showing.[1] Therefore, unless it can notice and conclude these

---

[1] Should the parties encounter scheduling issues regarding these depositions and be unable to resolve them after proper meet and confer efforts, they are encouraged to immediately contact the Court by telephone for assistance in resolving such scheduling issues. Under Rule 30(b)(1), parties noticing depositions must give "reasonable written notice to every other party." FED.R.CIV.P. 30(b)(1). Given the continuances granted to date and the January 31, 2014 fact discovery deadline, this Court construes reasonable notice to be 5 business days.

requested depositions by the close of discovery, and in the absence of any *new and good cause*, AWAC is precluded from conducting any of the aforementioned depositions after January 31, 2014.

    2.    This Court has grounds to question AWAC's diligence in pursuing fact discovery in this action. The Court finds AWAC's pursuit of Ameritox discovery as a source of information to be instructive in this regard. AWAC argues that Millennium has publicly alleged that Ameritox, a competitor, instigated the DOJ Investigation at issue in this coverage action and made a presentation to the DOJ regarding Millennium. [Doc. No. 125 (sealed), p. 10] AWAC further explains that it delayed in immediately pursuing this information regarding Ameritox's role in the DOJ investigation as an effort to "avoid duplicative discovery." *Id.* Rather, AWAC states that it first sought the information regarding Ameritox through depositions of Millennium and Millennium's outside counsel (Hogan Lovells and Collora). *Id.* at 10-11. Further, AWAC contends it was not in a position to conduct an effective deposition of Ameritox because Ameritox refused to produce any documents in response to AWAC's document subpoenas, issued in Maryland. *Id.* at 11. Lastly, AWAC argues that it has diligently pursued this information from Ameritox, culminating in AWAC's filing of a Motion to Compel Ameritox's compliance with the subpoenas that is currently pending before the Maryland District Court. *Id.*

Millennium contends that AWAC's arguments are unsupported by the timeline of events in this action. As asserted, AWAC served document subpoenas on Ameritox in August and September 2013, but then waited months – until December 2, 2013 – to file a motion to compel Ameritox's compliance with the subpoenas in Maryland. *Id.* at 23. Further, Millennium argues that AWAC failed to schedule the depositions of Millennium's outside counsel until the last two weeks of discovery under the earlier discovery schedule, and noticed the Millennium deposition (through stipulation) for a date following the close of the prior discovery cut-off. *Id.* In sum, Millennium

argues that AWAC gave itself no time to conduct the follow-up discovery it now contends it needs from Ameritox. *Id.* Further, Millennium cites to the potential prejudice if the deposition is permitted to proceed in this action.[2] *Id.* at fn 10.

With respect to the Ameritox issue specifically, considering the Rule 26 factors outlined above, this Court questions whether AWAC, as "the party seeking discovery[,] ... had ample opportunity to obtain the information by discovery in the action," but failed to pursue it in a timely fashion. FED.R.CIV.P.26(b)(2)(C). While the Court finds the Ameritox deposition to be relevant, given the questions raised about AWAC's diligence in noticing depositions of Ameritox and the other 9 putative deponents listed above, the fact discovery deadline will remain in place absent new and good cause.

## CONCLUSION

As stated in greater detail above, the Court **ORDERS** as follows:

1. AWAC's request for leave to conduct the depositions of: (1) Nelson; (2) Zicar; (3) Martin; (4) Barney & Barney; (5) Skadden Arps; (6) Uehling; (7) Price; (8) Root; (9) Bramer; and, (10) Ameritox is **GRANTED**. Any such depositions must be concluded by the close of discovery, January 31, 2014.

2. The January 31, 2014 fact discovery cut-off date established in this Court's Second Amended Scheduling Order [Doc. No. 129] will not be further extended absent a showing of new and good cause. Should the parties have a dispute regarding the scheduling of these depositions, and be unable to resolve it after *meaningful* meet and confer efforts, they are to promptly contact the Court by telephone.

**IT IS SO ORDERED.**

DATE: January 15, 2014

KAREN S. CRAWFORD
United States Magistrate Judge

---

[2] At this time, the Court will not accept any additional briefing or argument on the issue of the Rule 30(b)(6) deposition of Ameritox.