# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLENNIUM LABORATORIES, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ALLIED WORLD ASSURANCE COMPANY (U.S.), INC.,<br><br>　　　　　　　　　Defendant. | Case No. 12-cv-2280-BAS(KSC)<br><br>**ORDER GRANTING PARTIES' UNOPPOSED *EX PARTE* APPLICATIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>**[ECF Nos. 167, 170, 173]** |

Pending before the Court are three unopposed *ex parte* applications to file various documents under seal. On June 3, 2014, the Court granted requests to file documents under seal based on the same grounds presented in the instant requests.

For the following reasons, the Court **GRANTS** the parties' unopposed *ex parte* applications to file documents under seal. (ECF Nos. 167, 170, 173.)

## I.   ANALYSIS

Two standards generally govern motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). The standard varies depending on

whether the documents are general judicial records or "private materials unearthed during discovery." *Id.* at 678-79.

"[A] 'compelling reasons' standard applies to most judicial records." *Pintos*, 605 F.3d at 677-78. A party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Id.* at 678 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)) (internal quotation marks omitted). This standard derives from the common-law right "to inspect and copy public records and documents, including judicial records and documents." *Id.*; *see also Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978). As long as the particular document is not one that is "traditionally kept secret," the presumption of access "extends to pretrial documents filed in civil cases, including materials submitted in connection with motions for summary judgment." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). However, this right to access is not absolute. "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1178-79 (citing *Nixon*, 435 U.S. at 598). But "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

A less burdensome "good cause" standard applies when a party seeks to seal "private materials unearthed during discovery," which are not part of the judicial record. *Pintos*, 605 F.3d at 678. The court applies the lower burden to such documents because "[t]he cognizable public interest in judicial records that underlies the 'compelling reasons' standard does not exist for documents produced between private litigants." *Id.* (citing *Kamakana*, 447 F.3d at 1180). Under such circumstances,

1  Federal Rule of Civil Procedure 26(c) governs.  Rule 26(c) provides that a trial court
2  may grant a protective order "to protect a party or person from annoyance,
3  embarrassment, oppression, or undue burden or expense."  The relevant standard for
4  the purposes of Rule 26(c) is whether "'good cause' exists to protect th[e] information
5  from being disclosed to the public by balancing the needs for discovery against the
6  need for confidentiality."  *Pintos*, 605 F.3d at 678 (citing *Phillips ex rel. Estates of
7  Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).  Furthermore,
8  documents attached to non-dispositive motions must also meet the less burdensome
9  standard under Rule 26(c).  *Foltz*, 331 F.3d at 1135 (discussing *Phillips*, 307 F.3d at
10  1213); *see also Pintos*, 565 F.3d at 678-79; *Kamakana*, 447 F.3d at 1180.

11  Here, the parties indicate that Plaintiff is currently under investigation by the
12  United States Department of Justice regarding matters related to this case.  And on June
13  3, 2014, the Court granted similar requests to permit the parties to file documents under
14  seal.  For those same reasons, the Court finds that good cause exists to permit the
15  parties to file their respective filings under seal.  *See Pintos*, 605 F.3d at 678.

17  **II.    CONCLUSION & ORDER**
18  In light of the foregoing, the Court **GRANTS** the parties' unopposed *ex parte*
19  applications, and **ORDERS** the Clerk of the Court to accept and **FILE UNDER SEAL**
20  the requested documents.
21  **IT IS SO ORDERED.**

23  **DATED: June 12, 2014**

**Hon. Cynthia Bashant**
**United States District Judge**