UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MILLENNIUM LABORATORIES, INC., | Case No. 12-cv-2280-BAS(KSC) |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | **[ECF No. 197]** |
| ALLIED WORLD ASSURANCE COMPANY (U.S.), INC., | |
| Defendant. | |

On October 2, 2014, Defendant Allied World Assurance Company (U.S.), Inc. filed an *ex parte* motion to continue pretrial dates and trial date. On October 6, 2014, the Court granted the motion because there are pending cross-motions for summary judgment that need to be resolved before this action is ready to proceed any further. Plaintiff Millennium Laboratories, Inc. now moves for reconsideration of the Court's October 6, 2014 Order.

For the following reasons, the Court **DENIES** Plaintiff's motion.

//

## I. ANALYSIS

Once judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). *See Hinton v. Pac. Enter.*, 5 F.3d 391, 395 (9th Cir. 1993).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). However, a motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.* It does not give parties a "second bite at the apple." *See id.* "[A]fter thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009) (Lorenz, J.).

Similarly, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir.1994) (citing *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Under Rule 60(b), the court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). That last prong is "used sparingly as an equitable remedy to prevent manifest

injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007).

District courts also have the inherent authority to entertain motions for reconsideration of interlocutory orders. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("[I]nterlocutory orders . . . are subject to modification by the district judge at any time prior to final judgment."); *see also* Fed. R. Civ. P. 54(b); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989). To determine the merits of a request to reconsider an interlocutory order, the court applies the standard required under a Rule 59(e) reconsideration motion. *See Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003) (Whelan, J.).

Plaintiff requests reconsideration on the ground that Defendant failed to establish good cause. It provides two reasons to justify the argument: (1) the pending summary-judgment motions do not justify the continuance; and (2) scheduling conflicts raised by Defendant also do not justify the continuance. These reasons lack merit and fail to justify granting reconsideration. More importantly, Plaintiff's spurious motion fails to describe any exceptional or extraordinary circumstance that justifies granting its motion to reconsider this Court's interlocutory order. *See Delay*, 475 F.3d at 1044; *Amarel*, 102 F.3d at 1515; *ACandS*, 5 F.3d at 1263.

## II.  CONCLUSION & ORDER

Because Plaintiff fails to demonstrate entitlement to reconsideration, the Court **DENIES** its motion in its entirety. (ECF No. 197.)

**IT IS SO ORDERED.**

**DATED: October 10, 2014**

**Hon. Cynthia Bashant**
**United States District Judge**