# ORIGINAL

FILED

2014 NOV 21   AM 9: 04



TH

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MILLENNIUM LABORATORIES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIED WORLD ASSURANCE COMPANY (U.S.), INC.,<br><br>Defendant. | CASE NO. 12cv2280-BAS (KSC)<br><br>**ORDER DENYING AWAC'S REQUEST TO AMEND RESPONSES TO REQUESTS FOR ADMISSION**<br><br>[Doc. 176] (sealed) |

On June 12, 2014, the parties filed a Joint Motion for Determination of the Defendant's Request to amend its responses to four of Millennium's Requests for Admission ("RFAs") served on April 10, 2013. [Doc. 176] The four responses at issue essentially admit that United States Department of Justice subpoenas served in March and August of 2012 together constitute a "claim" under an insurance policy ("the policy") that plaintiff Millennium Laboratories, Inc., ("Millennium") purchased from defendant Allied World Assurance Company ("AWAC"). *Id.* at 6-7. For the reasons stated below, AWAC's request to amend its responses to the RFAs is DENIED.

//

//

//

# I.  FACTUAL BACKGROUND

On March 27, 2012, and August 3, 2012, the United States Department of Justice ("DOJ") served its investigative subpoenas on Millennium. [Doc. 176, p. 6] On August 9, 2012, Millennium's counsel sent a letter to AWAC's claims handler seeking "prompt confirmation of defense coverage for all these defense costs." [Doc. 176-1, Ex. 5] On September 18, 2012, Millennium filed this law suit. [Doc. 1]  As recited below, the record reflects that AWAC has repeatedly admitted throughout all stages of this litigation that the DOJ investigation is a "claim" under the policy.

Even before the complaint was filed, AWAC admitted the DOJ investigation was a "claim."  Specifically, Millennium alleges that in April 2012, after receiving Millennium's initial coverage letter, AWAC's claims handler called Millennium and admitted that the DOJ investigation constituted a "claim" under the policy. [Doc. 176, p. 21] This allegation appears to be loosely supported by the deposition testimonies of AWAC's claims handler and Millennium's general counsel, and AWAC does not deny it. *See* [Doc. 176-2, Ex. B at 80:9-23 & Ex. C at 68:23-69:21] Shortly thereafter, on May 8, 2012, AWAC's claims handler wrote a letter to Millennium regarding the March DOJ subpoena, stating, "We will deem this **Claim** first made when the Subpoena was served on or about March 27, 2012." [Doc. 176-2, Ex. A (emphasis in original)]

After hiring outside coverage counsel, AWAC admitted that the DOJ investigation was a "claim." In a letter written by outside counsel to Millennium dated September 14, 2012, counsel admitted that "Allied World did acknowledge that the March 27th Subpoena, subject to the Policy's other terms and conditions, potentially constitutes a Claim under the Policy." [Doc. 176-1, Ex. 6 at 7]

During initial discovery, AWAC further admitted that the DOJ investigation was a "claim."  Millennium served AWAC with its Requests for Admission on March 5, 2013. [Doc. 176-1, Ex. 1] AWAC responded on April 10, 2013. [Doc. 176-1, Ex. 2]

1  Specifically, in its responses to the RFAs, AWAC admitted that the March 27 and
2  August 3 subpoenas "actually constitutes a CLAIM under the POLICY." *Id.* at 6-7.

3      In litigating dispositive pre-trial motions, AWAC admitted that the DOJ
4  investigation was a "claim." AWAC reasserted its position in its Opposition to
5  Millennium's Motion for Summary Judgment dated May 24, 2013, in which it argued:
6  "Allied World has admitted only that the DOJ Investigation constitutes a Claim under
7  the Policy." [Doc. 57, p. 17 n.22]

8      Upon receiving and reviewing voluminous discovery, AWAC again admitted
9  that the DOJ investigation was a "claim." In August of 2012, Millennium produced at
10  least 1.1 million documents (and likely more) in response to AWAC's discovery
11  requests. [Doc. 115, p. 3] This Court extended discovery and pre-trial deadlines to give
12  AWAC sufficient time to review the submissions. *Id.* Three months later (presumably
13  after AWAC had made good progress on its discovery review), Millennium deposed
14  AWAC's claims handler. In the excerpts of the transcript provided to this Court, the
15  claims handler repeatedly refers to the DOJ subpoenas as a "claim" (specifically, "a
16  regulatory claim"). *See, e.g.,* [Doc. 176-2, Ex. B at 47].

17      For two years, AWAC repeatedly asserted that the DOJ investigation was a
18  "claim." Now, for the first time, AWAC seeks to reverse its position, withdraw its
19  admissions, and assert that the DOJ investigation was, in fact, not a "claim."

20  ## II. DISCUSSION

21  Federal Rule of Civil Procedure 36(b) governing party admissions states:

22  A matter admitted under this rule is conclusively established unless the
   court, on motion, permits the admission to be withdrawn or amended.
23  Subject to Rule 16(e), the court may permit withdrawal or amendment if
   it would promote the presentation of the merits of the action and if the
24  court is not persuaded that it would prejudice the requesting party in
   maintaining or defending the action on the merits. An admission under
25  this rule is not an admission for any other purpose and cannot be used
   against the party in any other proceeding.

26  Rule 36(b) gives this Court discretion to deny a party's request to withdraw
27  admissions where, as here, 1) the moving party has not shown that the withdrawal
28  would promote presentation of the merits of the case, and 2) the opposing party has

        12cv2280-BAS (KSC)

1  shown that the withdrawal would significantly prejudice its ability to defend the action.
2  FED. R. CIV. P. 36(b).

3      First, AWAC argues that its request to withdraw its admissions satisfies Rule
4  36(b) because it would allow this "fundamental question" – whether or not the DOJ
5  subpoenas constituted a "claim" – to be litigated by the parties and determined by the
6  Court. [Doc. 176, p. 14] The Ninth Circuit has ruled, "[t]he first half of the test in Rule
7  36(b) is satisfied when upholding the admissions would practically eliminate any
8  presentation of the merits of the case." *Hadley v. U.S.*, 45 F.3d 1345, 1348 (9th Cir.
9  1995). Subsequent decisions have interpreted this standard to hold that Rule 36(b)
10  relief is warranted only when upholding admissions would preclude a litigant from
11  presenting any issues of merit to the jury. *See Conlon v. U.S.*, 474 F.3d 616, 622 (9th
12  Cir. 2007) (incarcerated plaintiff should have been permitted to withdraw his de facto
13  admissions when those admissions left him with no issues of triable fact, resulting in
14  a grant of defendant's motion for summary judgment); *Carden v. Chenga Sec. & Prot.
15  Servs., LLC*, S09-1799-WBS-CMK, 2011 WL 1344557, at *2 (E.D. Cal. April 8, 2011)
16  ("Thus, the question is not whether allowing the deemed admissions would have any
17  effect on a trial on the merits of the case; it is whether it would eliminate the need to
18  reach a trial on the merits at all.") In this case, upholding AWAC's admissions would
19  not obviate the need for a trial. Indeed, for the past two years, the parties have been
20  conducting discovery, retaining experts, and filing voluminous motions on triable
21  issues that are independent from the "claim" question.

22      Second, Millennium has met its burden of showing that AWAC's request would
23  result in prejudice under Rule 36(b). In assessing prejudice, courts look not only to the
24  stage of litigation at which the request to withdraw is made, but also to whether the
25  opposing party has "relied heavily" upon the admission. *See id.* at 1348, 1349 (citing
26  *999 v. C.I.T. Corp.*, 776 F.2d 886, 869 (9th Cir. 1985)). Both factors here weigh in
27  favor of Millennium. While the case is not yet set for trial, AWAC nonetheless raises
28  its request at a late stage in the litigation. Fact discovery has been closed since January

31, 2014, and expert discovery since May 23, 2014. [Doc. 129] The parties filed a second round of Motions for Summary Judgment on May 23, 2014, and these potentially-dispositive motions are now pending before the District Court. [Docs. 156, 161] Furthermore, Millennium has demonstrated that it relied significantly upon AWAC's admission through every stage of the case thus far. As stated, "Millennium made decisions about the course and scope of its discovery based on conclusive removal of the 'Claim' issue from the case." [Doc. 176, p. 23] For example, Millennium retained two experts to prepare reports, but did not believe it was necessary to ask either of them to examine or opine on the claim issue. *Id.*

Not only do the Rule 36(b) factors weigh against AWAC, but AWAC fails to adequately explain why its request to withdraw was raised at such a late stage in the litigation. AWAC states that its request to withdraw is based on its review of "millions" of documents and depositions of witnesses that have been produced in the year and a half since its initial response to Millennium's RFAs. [Doc. 176, p. 3] Yet fact discovery concluded in January of 2014, and Millennium produced the bulk of its discovery as early as August or September of 2013. *See* [Doc. 115, p. 3] Indeed, Millennium asserts that the single document that AWAC relies upon to support its new position – a Tolling Agreement between Millennium and the DOJ – was produced and highlighted to AWAC on April 25, 2013, more than a year before the filing of the Joint Motion and just two weeks after AWAC's RFA responses.[1] [Doc. 176, p. 4] This Court finds that AWAC's delayed request to withdraw its admissions evinces a lack of diligence which has pervaded its management of the instant and related cases, and does not give rise to good cause. *See* [Docs. 84, 129, 135]; *Millennium Labs., Inc., v. Darwin*, 12cv2742-BAS (KSC) [Doc. 271].

---

[1] The parties' briefing suggests that the catalyst for AWAC's request to amend its admissions was not the "millions of documents" produced in discovery, but rather a new theory propounded by AWAC's expert witness, who, in Millennium's words, "did not even come up with the new theory until he issued his rebuttal report" dated May 2, 2014. [Doc. 176, pp. 4-5, 16 n.3, 24] Even if this is true, AWAC does not explain why its expert could not have formulated his theory earlier.

Had AWAC moved to withdraw its admissions earlier in the discovery process, the parties would have been able to adjust their document requests, witness depositions, expert analyses, and pre-trial litigation strategies accordingly.  By raising the issue now, however, AWAC seeks to inject new issues into the case that would potentially alter the entire scope of trial.  To prepare to litigate this new issue, the parties would likely need to propound additional document requests, re-depose witnesses, and prepare supplemental expert reports.   In short, AWAC's request would likely necessitate a complete re-opening of discovery.[2] This Court is not inclined to take such dramatic action at this late stage in the litigation absent a stronger showing of good cause.

### III.  CONCLUSION

For the above reasons, this Court finds that AWAC's request is not supported by the Rule 36(b) factors nor by good cause.  Accordingly, AWAC's request to amend its RFA responses is DENIED.

Date: November __20__, 2014

_____
KAREN S. CRAWFORD
United States Magistrate Judge

---

[2] Even AWAC recognizes that its request to withdraw the admissions would necessitate that this Court re-open discovery. *See* [Doc. 176, p. 16 n.3] ("Allied World would not object to a Millennium's expert supplementing his report on this issue.")