# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLENNIUM LABORATORIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALLIED WORLD ASSURACE COMPANY (U.S.), INC., <br><br> Defendant. | Case No. 12-cv-2280-BAS-KSC <br><br> **ORDER:** <br><br> **(1) DENYING *EX PARTE* MOTION TO REOPEN THE CASE** <br><br> **AND** <br><br> **(2) GRANTING *EX PARTE* APPLICATION TO MODIFY PROTECTIVE ORDER** <br><br> **[ECF Nos. 250, 251]** |

Pending before the Court is Plaintiff Millennium Laboratories, Inc.'s ("Millennium") *ex parte* motions to reopen the case and modify the protective order. (ECF Nos. 250, 251.) The Court addresses each request below.

## I. BACKGROUND

### A. This Case

The instant case arose from a dispute between Millennium and Defendant Allied World Assurance Company (U.S.) Inc. ("Allied") over coverage under an insurance policy the parties negotiated. (ECF No. 235 at 2.) Several competitors of Millennium had filed private lawsuits and several whistleblowers had filed *qui tam* actions against Millennium based on allegations that Millennium had engaged in

illegal activities. (*Id.*) Millennium bought the policy that was at issue in this case to protect itself from future lawsuits, and asked Allied for coverage in responding to several subpoenas issued by the DOJ. (*Id.*)

On April 17, 2013, this Court entered a protective order (the "Protective Order"), which permitted the parties to designate discovery materials as "Confidential" or "Attorneys' Eyes Only." (ECF No. 42 ¶¶1−2, 7−8.) The Protective Order restricts the parties from using designated materials for purposes outside of this lawsuit and generally limits disclosure to specific persons involved in the litigation. (*Id.* ¶¶14−15, 18−19.). Another Protective Order was subsequently entered, replacing and superseding the original, which included an additional prohibition on Allied from using or disclosing information protected by the Health Insurance Portability and Accountability Act ("HIPAA"). (ECF No. 79.) Pursuant to the Protective Order, several deposition transcripts were designated as "Confidential," including the deposition transcript of Ryan Uehling, a former Millennium employee.

The last pronouncement by the Court in this case was its order granting Defendant Allied's motion for reconsideration of the Court's prior September 30, 2015 summary judgment order. (ECF No. 235.) The Court reversed its prior grant of summary judgment in favor of Millennium. (*Id.*) Millennium appealed the Court's order. (ECF No. 240; *see also* No. 16-55432, ECF No. 1, Docketed Cause (9th Cir. Mar. 22, 2016).) That appeal remains pending.

**B.     The Collateral Uehling Litigation**

In August 2016, a *qui tam* action that Ryan Uehling ("Uehling") filed against Millennium in the United States District Court for the District of Massachusetts in 2012 was transferred to another judge in this district. *See Uehling v. Millennium Laboratories, Inc.*, No. 16-cv-02812-L-MDD, ECF No. 1 (S.D. Cal. Aug. 8, 2016). The claim in that litigation is a cause of action under the False Claims Act, 31 U.S.C. §3730(h) for Millennium's alleged retaliation against Uehling. In June 2017, the court presiding over the Uehling Litigation issued a protective order, which limits the

use and disclosure of material designated as "Confidential" or "For Counsel Only." (ECF No. 251-2, Ferrantella Declaration ("Ferrantella Decl.") ¶9, Ex. 1.) Such materials can only be used in connection with the Uehling Litigation. (*Id*.)

In September 2017, Uehling propounded discovery on Millennium requesting production of deposition transcripts from this case, including Uehling's deposition transcript. (*Id*. ¶6.) Millennium's deadline to comply with the discovery request was October 6, 2017. (*Id*. ¶2.) Prior to that deadline, Millennium and Uehling conferred about the request and necessity of modifying the Protective Order so that the parties can access deposition testimony in this case prior to the discovery cutoff of November 10, 2017. (*Id*. ¶3.) Millennium agreed to produce transcripts pertaining to Uehling from this case, subject to its objections and to modification of the Protective Order. (*Id*. ¶7.) Millennium and Uehling have agreed that any deposition transcript or document that is subject to the Protective Order will only be produced in the Uehling Litigation pursuant to that case's protective order. (*Id*. ¶10.) Millennium and Uehling agree that deposition testimony pertaining to Uehling is discoverable and may overlap with claims or issues in the Uehling Litigation. (*Id*. ¶11.)

On October 16, 2017, Millennium provided notice to Allied of its intent to seek modification of the Protective Order. (*Id*. ¶4.) Millennium represents that counsel for Allied does not intend to oppose Millennium's request to the extent Millennium only seeks modification of the protective order with respect to Uehling's deposition testimony and other testimony referencing Uehling, and with the understanding that the material would be subject to the protection for information designated "Confidential" under the protective order in the Uehling Litigation. (*Id*.)

Millennium's *ex parte* request to reopen the case and separate *ex parte* request to modify the Protective Order followed.

C. **Requested Modification to the Protective Order**

Millennium seeks the following modification to the Protective Order:

Millennium Laboratories, Inc. and Millennium Health, LLC have permission to produce documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY in this action to the attorneys and parties in the action entitled *Uehling v. Millennium Laboratories, Inc*., No. 16-cv-02182-L-MDD (S.D. Cal.), in response to a valid subpoena or discovery request in that case and under the terms of the Protective Order in that action.

## II. DISCUSSION

### A. The Request to Reopen Case to Modify the Protective Order is Unnecessary

The Court first addresses Millennium's *ex parte* request to reopen the case for the purpose of modifying the protective order. Millennium contends that a motion to reopen the case is necessary in order for the Court to consider its *ex parte* application to modify the Protective Order. The Court finds that "reopening" the case is not necessary for it to modify the Protective Order.

As long as a protective order remains in effect, the Court that issued the protective order retains the power to modify it. *See Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992); *United Nuclear Corp. v. Cranford Ins. Co*., 905 F.2d 1424, 1427 (10th Cir. 1990). The law is clear that a party subject to a protective order may return to the issuing court to seek modification of that order. *Patriot Rail Corp. v. Sierra R.R. Co*., No. 2:09-cv-00009-MCE-EFB, 2012 WL 219331, at *1 (E.D. Cal. Jan. 24, 2012) (citing *Osband v. Woodford*, 290 F.3d 10936, 1039 (9th Cir. 2002)). The Protective Order that Millennium, a party to the order, seeks to modify remains in effect, particularly in light of the fact that the parties' obligations remain in effect while the case is on appeal. (ECF No. 79 ¶29.) The Protective Order further provides that it can only be modified by Court order or by written agreement among the parties subject to this Court's approval. (*Id.* ¶31.) This Court, thus, retains the

power to modify it and it is not necessary for this case to be "reopened" in order to consider Millennium's request to modify.

Accordingly, the Court denies the request to reopen the case as unnecessary and proceeds to assess Millennium's *ex parte* motion to modify the Protective Order.

### B. Modification of the Protective Order is Warranted

Millennium seeks to modify the Protective Order for the purpose of complying with Uehling's discovery requests in the Uehling Litigation without violating its obligation under the Protective Order.

#### 1. Applicable Legal Standard

Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in pending litigation. *Beckman Indus.*, 966 F.2d at 475. The use of discovery materials in "one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). The Ninth Circuit has instructed that a court issuing a protective order should generally grant a request to modify the protective order to allow collateral litigants to obtain relevant material where reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate privacy interests. *Id.* at 1132.

However, a collateral litigant's request for modification of a protective order is not automatically granted. *Id.* The litigant must demonstrate the relevance and general discoverability of the protected materials to the collateral proceedings. *Id.* The court that issued the protective order must satisfy itself that the protected discovery is sufficiently relevant to the collateral litigation such that duplicative discovery will be avoided by modifying the protective order. *Id.* The court makes only a rough estimate of relevance; it "does not decide whether the collateral litigants will ultimately obtain the discover materials." *Id.* at 1132−33. Because the court that issued in the protective order is in the best position to make a relevance assessment of the requested materials, the collateral litigant is not required to obtain a relevance

determination from the court overseeing the collateral litigation prior to requesting modification of a protective order from the court that issued it. *Id.* at 1132.

Before modifying a protective order, the court that issued the order must also weigh the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery. *Id.* at 1133. Reliance on a blanket protective order will not justify a refusal to modify. *Id.* ("[R]eliance will be less with a blanket protective order, because it is by nature overinclusive" (quoting *Beckman*, 966 F.2d at 476)). A legitimate interest in preventing public disclosure of materials produced in discovery pursuant to a protective order can be accommodated by placing the collateral litigant under the same restrictions on use and disclosure contained in the original protective order. *Id.*

### 2. Analysis

Millennium advances three reasons for modifying the Protective Order. First, Millennium contends that if the Court does not modify the Protective Order it will be placed in the untenable position of choosing between complying with Uehling's discovery requests, or risk violating the terms of the Protective Order. Second, Millennium argues that modifying the Protective Order will promote efficiency because testimony in this case pertaining to Uehling's claims may reduce the need for the parties to pursue duplicative discovery or ask questions similar to witness who are common to both cases. Third, Millennium argues that no prejudice will result from the requested modification because any protected material in this case will be produced subject to the protective order in the Uehling Litigation.

Applying the aforementioned principles underlying modification of a protective order for use of protected materials in collateral litigation, the Court finds that the protected discovery is relevant to the Uehling Litigation and is generally discoverable. The Court further finds that Allied's reliance interests are outweighed by the policy of avoiding duplicative discovery.

### a. Relevance of the Protected Materials

Millennium does not aver that the deposition testimony in this case is highly relevant to the Uehling Litigation, but only intimates that the testimony "may overlap with the claims or issues in th[e] [Uehling Litigation]." (Ferrantella Decl. ¶11.) The Court's relevance inquiry hinges on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings. *Foltz*, 331 F.3d at 1132. Millennium acknowledges that Uehling supervised another former Millennium employee, Kelly Nelson[1], and was deposed in this case regarding matters pertaining to Millennium. (ECF No. 251-1 at 4.) Although Millennium's acknowledgment does not itself make a strong showing of the relevance of the protected material to the Uehling Litigation, the Court is satisfied that the protected discovery is sufficiently relevant to warrant modification of the Protective Order.

Although there is not a perfect overlap in the parties in this case and the Uehling Litigation, Millennium is a party to both litigations and Uehling, a party to the Uehling Litigation, was deposed in this case. This is a sufficient overlap in the Court's view.

The facts and issues underlying this case also overlap in part with the Uehling Litigation. This case involved an insurance policy Millennium purchased from Allied to cover its litigation costs. (ECF No. 251 at 2.) The facts underlying the purchase of that policy link this case and the Uehling Litigation. Millennium purchased that policy in the wake of lawsuits from several competitors and whistleblowers, like Uehling, who alleged that Millennium engaged in unlawful business practices, that it encouraged health care providers to submit false and/or fraudulent claims to health insurers and that it provided unlawful kickbacks to those

---

[1] Although Millennium does not provide further detail regarding Kelly Nelson, Uehling alleges that Nelson sued Millennium for wrongful discharge. (*United States ex rel Ryan Uehling v. Millennium Laboratories, Inc.*, No. 1:12-cv-10132-NMG, ECF No. 87, Third Am. Compl. ¶182 (D. Mass. Mar. 9, 2016).) Millennium deposed Uehling in the Nelson wrongful discharge litigation. (*Id.*)

providers. (*Id.*) The Uehling Litigation concerns Millennium's termination of Uehling allegedly in response to his investigation and questioning of Millennium regarding its allegedly illegal activities in violation of the False Claims Act. (*United States ex rel Ryan Uehling v. Millennium Laboratories, Inc.*, No. 1:12-cv-10132-NMG, ECF No. 87, Third Am. Compl. ¶¶178, 201−203 (D. Mass. Mar. 9, 2016).) Although the Uehling Litigation does not concern Allied's insurance policy, Uehling alleges that Millennium deposed him as nonparty witness for five days of deposition in two litigations, including this one and the Nelson litigation, as post-termination retaliation measures and solely to gather information about Uehling's *qui tam* action and to intimidate Uehling. (*Id.* ¶182.) Millennium's relevance argument omits this allegation.

The Court finds that there is a sufficient degree of overlap between this case and aspects of the Uehling Litigation that warrants a modification of the Protective Order to make the protected materials available to the litigants in the Uehling Litigation. Modification of the Protective Order will advance the interests of judicial economy by avoiding potentially wasteful duplication of discovery in the Uehling Litigation. This Court does not presume to decide that the court presiding over the Uehling Litigation will ultimately permit Uehling to use to the deposition testimony in this case to support his retaliation claim.

The Court acknowledges that there is a dispute between Millennium and Uehling as to whether deposition testimony in this case that does not pertain to Uehling is relevant to Uehling' retaliation claim. (Ferrantella Decl. ¶7.) This Court will not wade into that dispute because it "must refrain from embroiling itself in the specific discovery disputes applicable only to the collateral suit. *Foltz*, 331 F.3d at 1133. That dispute is for the collateral court to decide.

      **b.  Allied's Reliance Interest in the Existing Protective Order**

As to the reliance interests of the parties in the existing Protective Order, the Court finds that although Allied has not opposed the requested modification, Allied's

reliance interests in the Protective Order do not outweigh the policy of avoiding duplicative discovery. Moreover, any interest will be accommodated by the protective order in the Uehling Litigation.

Here, the Protective Order does not confer blanket protection over all discovery materials in this case, but it does allow a party or non-party to designate materials as "Confidential" or "Attorneys' Eyes Only" without a good cause determination by this Court. (ECF No. 79 ¶7(a)−(b).) Allied's reliance interest on this type of blanket protective order does not justify denying the motion to modify. *See, e.g., Oracle USA Inc. v. Rimini St*., No. 2:10-cv-00106-LRH-PAL, 2012 U.S. Dist. LEXIS 174441, at * (D. Nev. Dec. 7, 2012). Even if Allied had a legitimate reliance interest in the current Protective Order, that interest "can be accommodated by placing the collateral litigant under the same restrictions on use and disclosure contained in the original protective order." *Foutz*, 331 F.3d at 1332. There is a protective order in the Uehling Litigation, which prevents disclosure of materials designated as "Confidential" or "For Counsel Only" to persons or entities outside of the Uehling Litigation. (Ferrantella Decl. Ex. 1 ¶3.) The Protective Order similarly limits disclosure of protected material. (ECF No. 79 ¶¶ 14−15, 18−19.) Millennium represents that protected material from this case which is produced in the Uehling Litigation will be subject to the appropriate designation under that case's protective order. (ECF No. 251-1 at 4.)

The Court will therefore grant Millennium's request to modify the Protective Order for the limited purpose of complying with discovery requests in the Uehling Litigation. In granting this request, the Court modifies Millennium's requested modification to include an additional condition that protected materials in this case may be produced only upon their appropriate designation under the Uehling Litigation protective order as either "Confidential" or "For Counsel Only."

### III. CONCLUSION & ORDER

In light of the foregoing, the Court **HEREBY ORDERS** that:

1. Millennium's *ex parte* motion to reopen the case for the limited purpose of modifying the Protective Order is **DENIED**. (ECF No. 250.)
2. Millennium's *ex parte* motion to modify the Protective Order is **GRANTED**. (ECF No. 251.)
3. The Protective Order (ECF No. 79) is **HEREBY MODIFIED** to include the following provision as a paragraph 36:

> Millennium Laboratories, Inc. and Millennium Health, LLC have permission to produce documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY in this action to the attorneys and parties in the action entitled *Uehling v. Millennium Laboratories, Inc.*, No. 16-cv-02182-L-MDD (S.D. Cal.) (the "Uehling Litigation"), in response to a valid subpoena or discovery request in that case, and only upon the appropriate designation by Millennium of any such document it produces as either "CONFIDENTIAL" or "FOR COUNSEL ONLY" under the protective order in the Uehling Litigation.

**IT IS SO ORDERED.**

DATED: October 24, 2017

Hon. Cynthia Bashant
United States District Judge